**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERT JOHN HAMILTON JR., <br>         Plaintiff, <br>   v. <br> STEEB, et al., <br>         Defendants. | Case No. CV 17-5300 ODW (SS) <br><br> **MEMORANDUM AND ORDER** <br><br> **DISMISSING COMPLAINT WITH** <br><br> **LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On July 18, 2017, Plaintiff Albert John Hamilton Jr. ("Plaintiff"), a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq. ("Complaint," Dkt. No. 1).

Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C.

§ 1915A(a). This court may dismiss such a complaint, or any portion of it, before service of process if the court concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). For the reasons stated below, the Complaint is DISMISSED with leave to amend.[1]

## II.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff sues the following employees of the California Men's Colony State Prison ("CMC") in their individual capacities only: (1) Correctional Officer C. Steeb; (2) Sergeant E. Cabreros; (3) Lieutenant Bookmen; (4) Associate Warden J. Ingwerson; (5) Lieutenant S. Norton; and (6) Lieutenant A.F. Martinez (collectively "Defendants"). (Compl. at 3-4).

Plaintiff's allegations are conclusory and lack sufficient factual support. Plaintiff, who alleges that he is "disabled," asserts that on December 18, 2015, Steeb used "excessive force" while handcuffing him, causing a "medical injury." (Id. at 5). Cabreros failed to train CMC staff on how to properly handcuff "(ADA) inmates" such as Plaintiff. (Id. at 5-6). Bookmen, Castelo, Ingwerson, Norton, and Martinez all allegedly had "personal

---

[1] Magistrate Judges may dismiss a complaint with leave to amend without approval of the District Judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

2

knowledge" that Plaintiff suffered a "medical injury" because of Steeb's use of excessive force, "but [they] did nothing." (Id. at 5). Although not included in the list of Defendants, Debbie Asuncion, currently the Warden of California State Prison, Los Angeles County, had "personal knowledge of her staff['s] unusual behavior and refuse[d] to do the (Law)."[2] (Id. at 6).

Cabreros filed a "false report" regarding the incident, which was "granted in part by the CMC-East (AW) D. Samuel." (Id. at 5). Norton violated unidentified California Department of Corrections policies and regulations and retaliated against Plaintiff for filing a grievance. (Id. at 5-6). Martinez "also violated the CDCR-Third [sic] Level Appeal Decision, dated October 14, 2016. (Id. at 5). The California Department of Corrections continues to violate his Fourteenth Amendment rights because the "CDCR-RVR [Rules Violation Report]" has not been dismissed "in full." (Id.).

Plaintiff summarily asserts that Defendants violated his First, Fourth, Eighth, and Fourteenth Amendment rights under the Constitution, along with violating his "(ADA) Constitution[al] rights." (Id. at 6). Plaintiff seeks $10,000 in monetary damages from each Defendant. (Id.).

\\
\\

---

[2] The Court takes notice that, according to the CDCR website, "Debbie Asuncion has been the Warden or acting Warden at California State Prison, Los Angeles County, since December 2015." See http://www.cdcr.ca.gov/Facilities_Locator/LAC.html. It is unclear whether Asuncion ever worked at CMC, or when.

3

# III.

# DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court dismisses the Complaint due to defects in pleading. A pro se litigant in a civil rights case, however, must be given leave to amend his or her complaint unless "it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment." See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). Accordingly, the Complaint is dismissed, with leave to amend.

**A.   Plaintiff Fails To State A Claim Under The ADA**

Plaintiff unsuccessfully attempts to state a claim for relief under the ADA. Title II of the ADA, which "prohibits a 'public entity' from discriminating against a 'qualified individual with a disability on account of that individual's disability,' [] covers inmates in state prisons," but the allegations here fail to state a claim. Pennsylvania Dept. of Corr. v. Yeskey, 524 U.S. 206, 208 (1998) (quoting 42 U.S.C. § 12132).

To state a claim under § 12132 of Title II, a plaintiff must allege that:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or

activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010) (quoting McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004)). In order to allege a qualifying disability under the ADA, a plaintiff must demonstrate that he has been diagnosed with a condition that substantially limits his life activities. Bragdon v. Abbott, 524 U.S. 624, 631 (1998); see also Weaving v. City of Hillsboro, 763 F.3d 1106, 1111 (9th Cir. 2014) ("A 2008 Amendment to the ADA provides, 'The definition of disability in this chapter shall be construed in favor of broad coverage . . .' 'The term 'substantially limits' shall be interpreted consistently with the [amendment].'") (citing 42 U.S.C. § 12102(4)(A-B)).

"The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons, 609 F.3d at 1022 (emphasis added). Insufficient medical care does not state a claim under the ADA. Id.; see also Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners . . . The ADA does not create a remedy for medical malpractice.").

Here, Plaintiff's ADA claim fails because the Complaint does not identify Plaintiff's specific qualifying disability, or allege that Plaintiff was denied access to a governmental benefit <u>because of</u> that disability. Instead, Plaintiff merely claims that that he is an "(ADA) inmate," by which he presumably means that he is somehow disabled, and that Steeb injured him while using handcuffs. (Compl. at 5-6). To state an ADA claim, the Complaint must establish that Plaintiff has a qualifying disability; that the prison did not accommodate his disability, which prevented him from enjoying the benefits of services, programs, or activities provided to non-disabled prisoners; and that he was discriminated against because of his disability. Accordingly, Plaintiff's ADA claim is dismissed, with leave to amend.

**B.   <u>Plaintiff Fails To State An Excessive Force Claim</u>**

The Complaint broadly claims that Steeb violated Plaintiff's Eighth Amendment rights because he used excessive force while handcuffing Plaintiff, which caused an unidentified "medical injury." (<u>Id.</u> at 5-6).

The Eighth Amendment governs an inmate's excessive force claim against prison officials. In such a claim, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992); <u>see also</u> <u>Martinez v. Stanford</u>, 323 F.3d 1178, 1184 (9th Cir. 2003) (same). Courts considering a prisoner's Eighth Amendment claim "must ask both if

'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Hudson, 503 U.S. at 8 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). It is well established that, in some circumstances, officers may restrain inmates to maintain order. See Mendiola-Martinez v. Arpaio, 836 F.3d 1239, 1254 (9th Cir. 2016) ("[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees.") (quoting Bell v. Wolfish, 441 U.S. 520, 546 (1979) (internal quotation marks omitted)).

The Complaint fails to state an excessive force claim under the Eighth Amendment because it does not establish that any Defendant had the "culpable state of mind" to harm Plaintiff. The Complaint appears to allege summarily that Steeb used excessive force while handcuffing Plaintiff, but does not allege facts showing that Steeb put Plaintiff in handcuffs "maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. The mere fact that Plaintiff was handcuffed and subsequently suffered some kind of injury does not, by itself, establish that Steeb acted with a "culpable state of mind" or even that the amount of force he used against Plaintiff was actually "excessive". Accordingly, the Complaint must be dismissed, with leave to amend.

\\
\\
\\

**C.   Plaintiff Fails To State A Claim For Deliberate Indifference To Serious Medical Needs**

The Complaint alleges that Defendants knew Plaintiff suffered a "medical injury" and did nothing. (Compl. at 2, 5). It is possible that Plaintiff is attempting to state a claim for deliberate indifference to serious medical needs. However, Plaintiff's deliberate indifference claim is defective.

To state a claim for unconstitutional health care services, a prisoner must demonstrate that the defendants were "deliberately indifferent" to his "serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To establish a "serious medical need," the prisoner must show that "failure to treat [the] prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett, 439 F.3d at 1096 (citation omitted); see also Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (the existence of a serious medical need is determined by an objective standard).

To establish "deliberate indifference" to such a need, a prisoner must demonstrate: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Jett, 439 F.3d at 1096. Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citation omitted). Yet, an "inadvertent [or negligent] failure

to provide adequate medical care" alone does not state a claim. Id. (citation omitted). The defendant must have been subjectively aware of a serious risk of harm and must have consciously disregarded that risk. See Farmer v. Brennan, 511 U.S. 825, 839 (1994). An "isolated exception" to a defendant's "overall treatment" of a prisoner does not state a deliberate indifference claim. Jett, 439 F.3d at 1096.

Here, Plaintiff does not allege sufficient facts to show that his unidentified "medical injury" gave rise to a "serious medical need." Even if Plaintiff's injury were serious, the Complaint does not allege that Plaintiff failed to obtain medical treatment, or that any medical treatment he did receive was constitutionally inadequate. (See Compl. at 5-6). Plaintiff's conclusory allegation that Defendants acted with "deliberate indifference" does not state a claim under the Eighth Amendment. (Id. at 2); Farmer, 511 U.S. at 835. Because the Complaint fails to state facts to establish that Defendants deprived Plaintiff of treatment for a serious medical need, Plaintiff's deliberate indifference claim is dismissed, with leave to amend.

D. **Plaintiff Fails To State A Claim For Failure To Train And Supervise**

Plaintiff appears to allege that Defendants Cabreros, Bookmen, Ingwerson, Norton, and Martinez are liable in their supervisory capacity for Steeb's alleged violations because they "did nothing" when Steeb injured him. The Complaint also asserts that Cabreros

failed to properly supervise and train CMC staff on "how to handcuff (ADA) inmates," and that Asuncion "had personal knowledge of her staff['s] unusual behavior and refused to [follow] the (law)." (Compl. at 5-6).

To demonstrate a civil rights action against a government official, a plaintiff must show either the official's direct, personal participation in the harm, or some sufficiently direct connection between the official's conduct and the alleged constitutional violation. See Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011). A supervising officer must personally take some action against the plaintiff or "set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which he knew or reasonably should have known, would cause others to inflict the constitutional injury" on the plaintiff. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal quotation marks omitted); see also Starr, 409 F.3d at 1149 ('"[A]cquiescence or culpable indifference" may suffice to show that a supervisor "personally played a role in the alleged constitutional violations."') (quoting Menotti v. City of Seattle, 409 F.3d 1113, 1149 (9th Cir. 2005)).

Government officials may not be held liable for the unconstitutional conduct of their subordinates just because a subordinate caused a plaintiff harm. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Rather, a supervisor may only be held accountable "for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his

acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." Preschooler II v. Clark County Bd. of Trustees, 479 F.3d 1175, 1183 (9th Cir. 2007).

The Complaint does not allege facts sufficient to establish that any Defendant's failure to train or supervise Steeb led to violations of Plaintiff's constitutional rights. The Complaint generally asserts that Defendants were aware of Steeb's alleged misconduct and of Plaintiff's medical injury, but did "nothing." (Compl. at 5-6). Such a general assertion fails to explain how Defendants played a role in either failing to stop, or setting in motion, Steeb's alleged wrongful conduct, or in failing to ensure that Plaintiff received medical treatment for his injury. Plaintiff must state specific facts showing what Defendants personally did or did not do, and explain how their action or inaction caused a violation of Plaintiff's civil rights. Accordingly, the Complaint must be dismissed, with leave to amend.

**E. Plaintiff Fails To State A Claim For Retaliation**

The Complaint vaguely alleges that Norton retaliated against Plaintiff. (Compl. at 6). The Ninth Circuit has set forth the minimum pleading requirements for a § 1983 claim alleging that prison employees have retaliated against an inmate for exercising a First Amendment right:

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

See Rhodes v. Robinson, 408 F.3d 559, 567-568 (9th Cir. 2005) (footnote omitted). The prisoner must establish a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807-08 (9th Cir. 1995).

The Complaint fails to state a retaliation claim. The Complaint vaguely states that Norton "retaliated" against Plaintiff without providing any additional facts showing what Norton did that constituted retaliation. Accordingly, to the extent that Plaintiff is attempting to raise a retaliation claim against Norton, the claim must be dismissed, with leave to amend.

**F.   Plaintiff Fails To State A Claim For A Fourteenth Amendment Violation**

The Complaint appears to assert that Norton infringed on Plaintiff's Fourteenth Amendment rights by "violat[ing] the laws, regulation[s] and policy of the CDCR." (Compl. at 5). These

12

conclusory allegations, which do not even identify which policies and regulations Norton purportedly violated, fail to state a claim under the Fourteenth Amendment.

The mere violation of state prison protocols is not actionable under § 1983. See Sandin v. Conner, 515 U.S. 472, 484 (1995). To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added; citations omitted). The Complaint fails to explain what Norton did to violate Plaintiff's federal constitutional rights. Accordingly, Plaintiff's due process claim is dismissed, with leave to amend.

**E.  The Complaint Violates Rule 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Rule 8 may be violated when a pleading "says too little" and "when a pleading says too much." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (emphasis in original); see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058-59 (9th Cir. 2011) (a complaint violates

13

Rule 8 if a defendant would have difficulty understanding and responding to the complaint).

The Complaint violates Rule 8 because Plaintiff does not clearly identify the nature of each of his legal claims, the specific facts giving rise to each individual claim, or the specific Defendant or Defendants against whom each claim is brought. For example, the Complaint broadly states that Ingwerson, Castelo, Martinez, Norton, and Bookmen merely "knew" that Plaintiff's Constitutional rights had been violated. (Compl. at 5). Similarly, the Complaint vaguely asserts that Martinez "violated [a] Third Level Appeal Order." (Compl. at 6). Such vague assertions do not allege specific facts to establish that any of these individuals violated Plaintiff's civil rights. Moreover, the Complaint does not name Castelo or Asuncion as Defendants, but includes allegations suggesting that these individuals violated Plaintiff's constitutional rights. Additionally, the Complaint contains confusing allegations, such as the reference to "attached documents," even though no additional documents were filed with the Complaint, and likely did not need to be. (See Compl. at 4-5, 8). Without more specific information about what Plaintiff believes each Defendant specifically did to violate his rights, Defendants cannot respond to the Complaint. See Cafasso, 637 F.3d at 1058-59. Accordingly, the Complaint is dismissed, with leave to amend.
\\
\\
\\

**IV.**

**CONCLUSION**

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this memorandum and Order within which to file a First Amended Complaint. In any amended complaint, Plaintiff shall cure the defects described above.

**Furthermore, Plaintiff shall omit any claims or allegations that are not reasonably related to the claims asserted in the Complaint, but shall instead attempt to cure the deficiencies addressed in this Order.** The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the original Complaint.

In any amended complaint, Plaintiff should confine his allegations to the operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>.** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support his claims. Plaintiff

15

is strongly encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law or include legal argument. The Court notes that Plaintiff has filed several actions at the same time and these actions appear to lack substance in fact and law. **Plaintiff is advised that filing frivolous motions or actions may ultimately result in a recommendation that he be barred from filing any action as a vexatious litigant.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is further advised that if he no longer wishes to pursue this action he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.**

DATED: August 15, 2017

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**

16