**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERT JOHN HAMILTON,<br><br>   Plaintiff,<br><br>   v.<br><br>C. STEEB, et al.,<br><br>   Defendants. | Case No. CV 17-5300 ODW (SS)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)** |

**I.**

**INTRODUCTION**

On March 22, 2018, Plaintiff, a California state prisoner proceeding pro se, filed a Second Amended Complaint ("SAC") in the above-captioned civil rights action. (Dkt. No. 15). Due to the SAC's various pleading deficiencies, on June 15, 2018, the Court dismissed the SAC with leave to amend.[1] The Court's Order set a

---

[1] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) ("[T]he dismissal of a complaint with leave to amend is a non-dispositive matter."). Pursuant to Federal Rule of Civil Procedure 72, a plaintiff who disagrees with a magistrate judge's order dismissing a pleading with leave to

deadline of July 15, 2018 for Plaintiff to file a Third Amended Complaint if he wished to pursue his claims. (Dkt. No. 17). Plaintiff subsequently requested an extension, (Dkt. No. 18), which the Court granted. (Dkt. No. 20).

Because Plaintiff failed to file a Third Amended Complaint by the Court's extended deadline, on October 29, 2018, the Court issued a Report and Recommendation recommending that this action be dismissed for failure to prosecute and obey Court orders. (Dkt. No. 26). Plaintiff filed Objections to the Report and Recommendation in which he repeated some of the allegations underlying his claims, but did not indicate whether or when he intended to file a Third Amended Complaint. ("Obj.," Dkt. No. 34). After filing the Objections, Plaintiff attempted to file a number of different documents, all of which were rejected either because they were nonsensical and it was impossible for the Court to understand what Plaintiff was attempting to file, or because they were motions that were premature because there was no operative complaint. (Dkt. Nos. 29-33, 35-38).

Nonetheless, because Plaintiff's attempted filings appeared to suggest that Plaintiff might not have lost interest in this litigation, on January 28, 2019, the Court sua sponte granted

---

amend may file an objection with the district judge. See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015); see also Hunt v. Pliler, 384 F.3d 1118, 1124 (9th Cir. 2004) ("District court review of even these nondispositive matters . . . can be compelled upon objection of the party against whom the magistrate has ruled.") (quoting McKeever, 932 F.2d at 798). Here, Plaintiff did not timely challenge any of the magistrate judge's dismissal Orders with the undersigned district judge.

2

Plaintiff an additional fourteen days in which to file either: (1) a Third Amended Complaint (and the Court **ordered** Plaintiff to file his Third Amended Complaint by that deadline), or (2) a declaration of his intention to stand on the claims and allegations in the Second Amended Complaint. ("Order," Dkt. No. 37). Plaintiff was expressly cautioned that if he elected to stand on his defective Second Amended Complaint instead of filing a Third Amended Complaint, the defective claims in the Second Amended Complaint would be subject to dismissal. (Id. at 2). Plaintiff was also warned that if he failed to file either a Third Amended Complaint or a declaration of his intention to stand on the defective Second Amended Complaint by the Court's extended deadline, the entire action would be subject to dismissal for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b). (Id.) (citing Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("'The failure of the plaintiff eventually to respond to the court's ultimatum -- either by amending the complaint or by indicating to the court that it will not do so -- is properly met with the sanction of a Rule 41(b) dismissal.'") (emphasis omitted; quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004)).

The Court's extended deadline has passed, and Plaintiff has filed neither a Third Amended Complaint nor a declaration of his intent to stand on the defective Second Amended Complaint. There is no pending operative complaint, and there has not been one for over seven months, since the Court's dismissal of the Second Amended Complaint with leave to amend on June 15, 2019. The Court

has given Plaintiff multiple opportunities to file a Third Amended Complaint and has ordered Plaintiff to do so, but he has refused to comply. Nor has Plaintiff requested another extension in which to file a Third Amended Complaint, or even acknowledged that he must file a Third Amended Complaint if he wishes to move forward with this action. Accordingly, despite the Court's several attempts to afford Plaintiff the opportunity to state a claim, Plaintiff has refused to participate in his own litigation.

## II.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) grants district courts the authority to dismiss actions sua sponte for failure to prosecute or failure to comply with court orders. See Link v. Wabash R.R., 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Dismissal, however, is a harsh penalty and is to be imposed only in extreme circumstances. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

In considering whether to dismiss an action for failure to prosecute, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of

4

cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).

**A. The Five Factors Support Dismissal**

**1. Expeditious Resolution And The Court's Need To Manage Its Docket**

In the instant action, the first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- strongly favor dismissal. Pursuant to the Court's sua sponte extended deadline, Plaintiff was required to file a Third Amended Complaint or a declaration of his intention to stand on the defective Second Amended Complaint by February 11, 2019 if he wished to pursue this action. (Order at 2). Despite the Court's warning that the failure to file one of these two documents would subject this action to dismissal with prejudice, Plaintiff has failed to comply with the Court's Order or to request an extension of time in which to do so. Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently. As a result, the first two factors favor dismissal here. See Ash v. Cvetkov, 739 F.2d 493, 496-97 (9th Cir. 1984)

(affirming dismissal of action for failure to prosecute where plaintiff's failure to respond to a court order resulted in a month-long delay).

### 2. The Risk Of Prejudice To Defendants

The third factor -- prejudice to Defendants -- also favors dismissal. "Unreasonable delay is the foundation upon which a court may presume prejudice." Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000); see also Pagtalunan, 291 F.3d at 643 (unnecessary delay caused by plaintiff's inaction "inherently increases the risk that witnesses' memories will fade and evidence will become stale"). The risk of prejudice to a defendant is related to the plaintiff's reason for failure to prosecute an action. See id. at 642. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. See Yourish, 191 F.3d at 991-92.

Plaintiff has not offered any excuse for his failure to file a Third Amended Complaint or a declaration of his intention to stand on the defective Second Amended Complaint by the Court's deadline. Accordingly, the risk of prejudice to Defendants favors dismissal.

\\
\\
\\

### 3. Less Drastic Alternatives

The fourth factor -- the availability of less drastic alternatives -- also favors dismissal. The Court attempted to avoid outright dismissal of this action by granting Plaintiff an opportunity to file a Third Amended Complaint and by extending the deadline for him to do so on multiple occasions. (Order at 2; see also Dkt. No. 20). The Court expressly warned Plaintiff that the failure to comply would subject this action to dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Id. at 12); see also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Nonetheless, Plaintiff failed to comply with the Court's Orders. Alternatives to dismissal do not appear to be appropriate given Plaintiff's failure to participate in his own litigation.

### 4. Public Policy Favoring Disposition On The Merits

The fifth factor -- the public policy favoring the disposition of cases on their merits -- ordinarily weighs against dismissal. See Dreith, 648 F.3d at 788. However, it is the responsibility of the moving party to prosecute the action at a reasonable pace, and to refrain from dilatory and evasive tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Here, despite the Court's express warnings about the possibility of dismissal, Plaintiff has failed to discharge his responsibility to prosecute

this action.  Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Plaintiff's failure to file a Third Amended Complaint or a declaration of his intention to stand on the defective Second Amended Complaint.

**B.     Dismissal Of This Action Is Appropriate**

For the above-stated reasons, the Court concludes that dismissal of this action is warranted under Rule 41(b), which states:

> [A] dismissal under this subdivision (b) and any dismissal not under this rule –- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

The Court is dismissing this action due to Plaintiff's failure to prosecute and obey Court orders.  As this ground for dismissal does not fall into one of the three exceptions noted above, the dismissal will operate as an adjudication on the merits.  The dismissal is therefore with prejudice to Plaintiff's refiling a new action in federal court based on the same allegations.  See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002)

(dismissal interpreted as an adjudication on the merits unless one of the Rule 41(b) exceptions applies).

### III.
### CONCLUSION

**IT IS ORDERED** that Judgment shall be entered dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on Plaintiff at his current address of record.

LET JUDGMENT BE ENTERED ACCORDINGLY.

IT IS SO ORDERED.

DATED: February 20, 2019

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

____/S/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE